**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

SHANE ALAN BUTGEREIT                                                                                    PLAINTIFF

V.                                           NO: 1:09CV00048 JMM

MARK JOHNSON *et al.*                                                                                DEFENDANTS

**ORDER**

Plaintiff, currently held at the Izard County Jail, filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on September 28, 2009, naming as Defendants Mark Johnson, a judge in the city of Horshoe Bend, Arkansas, and the city of Horshoe Bend itself.

**I.  Screening**

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A.  Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible

on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was tried, convicted, sentenced, and incarcerated, on a charge of domestic battery at his first court appearance. Plaintiff alleges that he was the only witness, and he had no attorney at the time. Plaintiff seeks to be compensated for the time and hardship on himself, his wife, and his family, while they were apart. Because Plaintiff's complaint fails to state a claim for relief, it must be dismissed.

Plaintiff has named only two Defendants: Johnson, the trial judge, and the city. "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219, 228 (1988); *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Plaintiff is attempting to proceed against Johnson because of the manner in which he conducted a trial, and the sentence he imposed. Clearly, such actions are judicial in nature, and Johnson is entitled to immunity. Plaintiff's complaint makes no specific allegations against the city, and there appears to be no role the city itself had in the conduct of Plaintiff's trial.[1] Accordingly,

---

[1] Although Horseshoe Bend is named as a Defendant on the docket sheet, it is unclear from a reading of Plaintiff's complaint whether or not he intended the city to be a Defendant itself, or whether it was named as Johnson's location.

Plaintiff's claims against Horseshoe Bend should also be dismissed. *See Twombly* at 570 (complaint must contain enough facts to state a claim to relief that is plausible on its face).

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. All pending motions are DENIED AS MOOT.

3. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

4. The court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 5th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE